## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMEN NIEVES** : | |
|               **Plaintiff,** : | |
|                : | **CIVIL ACTION** |
|     **v.** : | |
|                : | **NO. 14-4861** |
| **ILHAMA ANZABI, et al.,** : | |
|               **Defendants.** : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                **January 23, 2015**

Plaintiff brings state-law medical malpractice claims against all Defendants. Presently before the Court is the motion of Defendants Esperanza Health Center, Inc., Bryan Hollinger, M.D., Timothy D. Johnston, M.D., Timothy J. Leahman, M.D., and Robert Reich (collectively "Moving Defendants") to substitute the United States as the proper defendant and then dismiss all claims against the United States for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**Factual and Procedural History**

Ms. Nieves alleges that she was a patient of Esperanza Health Center and that all other Moving Defendants are medical professionals who provided care to Ms. Nieves at Esperanza Health Center. The remaining Defendants are Neshaminy Pharmacy and Ilhama Anzabi, a pharmacist employed there, who also allegedly provided care to Ms. Nieves. Plaintiff contends that Defendants provided negligent treatment between July 2011 and April 2012, and that Defendants' negligence caused her to suffer permanent injury on April 29, 2012.

On April 23, 2014, Ms. Nieves filed suit against all Defendants in the Philadelphia Court of Common Pleas regarding the medical treatment she received. On the same day, Ms. Nieves also filed an administrative claim with the United States Department of Health and Human

Services seeking compensation for the same injuries alleged in the lawsuit.[1] The United States was not named as a Defendant in the lawsuit. On August 19, 2014, the United States filed a notice of removal to this Court. Attached to the notice of removal was a determination by the Attorney General that Moving Defendants "are deemed entities and employees of the Public Health Service acting within the scope of their deemed federal employment with respect to the actions or omissions that are the subject" of this case.[2]

One week later, Moving Defendants filed the motion to substitute the United States and then dismiss the claims against the United States for lack of subject-matter jurisdiction. Moving Defendants contend that due to the Attorney General's determination, 42 U.S.C. § 233 requires that the claims against them be treated as tort claims against the United States. Moving Defendants further contend that the Court lacks subject-matter jurisdiction because the Federal Tort Claims Act ("FTCA")[3] required the Plaintiff to exhaust the administrative claims process before filing this suit. Plaintiff Nieves does not oppose substitution of the United States, but asks that the Court delay considering dismissal until she is able to exhaust the administrative claims process.

**Standard of Review**

Under § 233, entities receiving federal funding as health centers under 42 U.S.C. § 254b and health care practitioners who work as employees or contractors for such federally supported health centers are deemed to be employees of the Public Health Service.[4] Upon the Attorney General's filing of a certification that Defendants were acting within the scope of their deemed

---

[1] Exh. B to Moving Defendants' Motion.
[2] Exh. B to Notice of Removal.
[3] 28 U.S.C. § 2675(a).
[4] 28 U.S.C. § 233(g).

federal employment at the time of the incident alleged to constitute medical malpractice, the action is treated as a tort claim against the United States.[5]

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may raise either a facial or a factual challenge to subject-matter jurisdiction. A facial challenge alleges a failure to plead jurisdictional prerequisites, whereas a factual challenge alleges that that the prerequisites for jurisdiction do not in fact exist.[6] When faced with a factual challenge, the Court may "review evidence outside the pleadings" and make a factual determination as to whether the Court has jurisdiction.[7]

**Discussion**

The Attorney General's determination constitutes an appropriate certification and substitution of the United States is unopposed. The United States will therefore be substituted for Moving Defendants and the claims against Moving Defendants will be treated as claims against the United States, pursuant to 42 U.S.C. § 233.

The FTCA provides the exclusive remedy for medical malpractice claims against the United States arising out of the actions of deemed entities and employees of the Public Health Service acting within the scope of their deemed federal employment.[8] Under § 2675(a) of the FTCA, such claims are subject to an exhaustion requirement; before filing suit, the plaintiff must present the claim to the appropriate agency and receive a final denial of that claim. The agency's failure to make a final disposition of the claim within six months is deemed to be a denial of the claim.[9] Fulfillment of § 2675(a)'s exhaustion requirement *before* filing suit is a prerequisite for

---

[5] 28 U.S.C. § 233(a), (c).
[6] *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008).
[7] *Id.* at 145 (internal quotations omitted).
[8] 28 U.S.C. § 233(a), (g).
[9] 28 U.S.C. § 2675(a).

federal jurisdiction.[10] Failure to exhaust before filing suit cannot be cured by obtaining a final denial while the case is pending; even if a final denial occurs early in the litigation process, the case must be dismissed for lack of subject-matter jurisdiction.[11]

Moving Defendants have established that Plaintiff failed to exhaust her administrative remedies before filing suit. The administrative claim form is dated April 23, 2014, the same date Plaintiff filed suit in state court.[12] Defendants have presented the declaration of Erica Gibson, a staff attorney for the Department of Health and Human Services, which states that no final disposition had been made of Plaintiff's administrative claim as of August 7, 2014.[13] Plaintiff does not dispute these facts. The Court therefore finds that Plaintiff did not receive a final denial of her administrative claim before filing this suit, and because any subsequently obtained final denial cannot confer subject-matter jurisdiction on this Court, the Court lacks jurisdiction over the claims against the United States as the substituted party for Moving Defendants.

*Jurisdiction Over Claims Against the Remaining Defendants*

The Court has an independent obligation to satisfy itself that it retains subject-matter jurisdiction over this case.[14] Because the claims against the United States must be dismissed, the Court determines whether the claims against remaining Defendants Neshaminy Pharmacy and Ms. Anzabi provide a basis for federal jurisdiction. After dismissal of the United States, the complaint alleges only state-law causes of action against private individuals, and therefore the Court may only exercise diversity jurisdiction. The federal courts have diversity jurisdiction only when defendants are citizens of different state(s) from the plaintiff and the amount in controversy

---

[10] *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971).
[11] *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (holding that case must be dismissed for lack of subject-matter jurisdiction despite completion of exhaustion requirement before substantial progress was made in the case).
[12] Exh. B to Moving Defendants' Motion.
[13] Exh. D to Moving Defendants' Motion.
[14] *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

exceeds $75,000.[15] In this case, the remaining Defendants and Plaintiff are all citizens of Pennsylvania. The Court is therefore without subject-matter jurisdiction over the claims against Neshaminy Pharmacy and Ms. Anzabi, and these claims will be remanded to the Philadelphia Court of Common Pleas.

  An appropriate order follows.

---

[15] 28 U.S.C. § 1332(a).